J. E. Eldridge v. E. C. Fitz & Company.

171 So. 509.

En Banc.

Opinion Filed December 18, 1936.

*Joseph W. Nichols,* for Appellant;

*Phillips & Thompson,* for Appellee.

Per Curiam.—This is an appeal from the Circuit Court of Pinellas County brought to review an interlocutory order of that Court denying motion of appellant to dismiss a bill of complaint in the nature of a bill of review filed by the appellee, E. C. Fitz & Company, to review and set aside a former decree of the Circuit Court of Pinellas County rendered in a case wherein J. E. Eldridge was complainant and A. N. Dillard, *et al.,* and said E. C. Fitz & Company, were defendants, said original suit being the foreclosure of a real estate mortgage against defendants, A. N. Dillard and wife, in which suit the defendant, E. C. Fitz & Company, Inc., was named as a defendant in order to settle the priority of an orange crop lien alleged to have been held by the last named defendant. In the suit in which the former decree was rendered, the service of process against the defendant, E. C. Fitz & Company, Inc., was made pursuant to an affidavit of complainant praying for an order of publication against said defendant as a defendant whose residence and

address were "unknown."" The purpose of the bill of review filed in the present case was to attack and have set aside the order of publication and service predicated thereon, on the ground that the affidavit setting forth that the defendant's residence was "unknown" is shown on the face of the record of that case to be untrue in fact.

Where the complainant in a chancery suit attempts to obtain constructive service of process by publication pursuant to Section 4895 C. G. L., 3111 R. G. S., upon a defendant named as E. C. Fitz & Company, a corporation, by publication of notice to it to appear, and it is apparent upon the face of the complainant's bill of complaint, or affidavit for constructive service made in connection with same, that the complainant has knowledge of a recorded instrument made to said E. C. Fitz & Company which on its face shows the address of the non-resident corporation defendant to be: "E. C. Fitz & Company, Boston, Mass.," and said E. C. Fitz and Company, a corporation, has been named in the bill as a supposed necessary co-defendant in order to bind it by the decree rendered against others in the same suit, a final decree in such suit against E. C. Fitz & Company predicated entirely upon an order for constructive service by publication against it that was made and published pursuant to an affidavit for constructive service filed by complainant under Section 3111 R. G. S., 4895 C. G. L., will be subject to attack and setting aside on a subsequent bill in the nature of a bill of review filed by said E. C. Fitz & Company, where it is made to appear by the bill of review that the order for constructive service published in the prior suit against said E. C. Fitz & Company, was made on an affidavit for publication asserting that the address of the said defendant, E. C. Fitz & Company, was unknown to affiant, although he had made diligent search to learn the address of such de-

fendant, whereas the face of the record of the suit wherein such affidavit for constructive service was filed, shows that the address of the defendant, E. C. Fitz & Company, was Boston, Massachusetts, as disclosed by a chattel mortgage referred to in said suit and appearing of record in the county where the suit was pending.

Affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.